**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 20-3-DLB-CJS**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**v.**                        **ORDER ADOPTING REPORT AND RECOMMENDATION**

**DAVID THOMAS SOWARD**                                                                **DEFENDANT**

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This matter is before the Court upon the April 26, 2021 Report and Recommendation (R&R) of United States Magistrate Judge Candace J. Smith (Doc. # 64), wherein she recommends that the Court deny Defendant David Soward's First Motion to Suppress (Doc. # 26) and grant in part and deny in part Defendant's Second Motion to Suppress (Doc. # 58). Defendant Soward filed Objections to the R&R (Doc. # 65) and the United States filed a Response to Defendant's Objections (Doc. # 67). Accordingly, the R&R is ripe for the Court's review. For the reasons that follow, Defendant Soward's Objections are **overruled** and the R&R is **adopted in its entirety**.

## I.      FACTUAL BACKGROUND

On January 9, 2020, Defendant Soward was indicted with knowingly transporting or shipping child pornography in interstate commerce in violation of 18 U.S.C. § 2252(a)(1). (Doc. # 1). In his First Motion to Suppress, Defendant seeks to exclude evidence obtained from a search of his Yahoo! ("Yahoo") email account. (Doc. # 26). His Second Motion to Suppress seeks to suppress evidence that was later

obtained from his Google Gmail account as well as from a search of his cellphone that was seized upon his arrest.  (Doc. # 58).

The facts are recited in detail in the R&R (Doc. # 64 at 2-7) and are reiterated below only to the extent necessary to address Defendant's Objections.  Yahoo, which has a "zero-tolerance policy for child sexual abuse material ('CSAM')" operates a "robust digital safety program" to detect and remove such material from its platforms.  (Doc. # 41).  In May of 2019, Yahoo began investigating an email account "sowardd@yahoo.com" (later determined to be the Defendant's) that had been used to send and receive images depicting child pornography.  (Docs. # 26-1 and 31 at 1).  Yahoo uses "PhotoDNA technology" to identify CSAM by matching an image's "digital signature" or "hash" with images contained in a databased of known CSAM.  (Doc. # 41).  Yahoo also employs individuals who review accounts flagged by the PhotoDNA technology.  (*Id.*).  Once identified, Yahoo reports CSAM to the National Center for Missing and Exploited Children ("NCMEC"), including information about the account holder.  (*Id.*).  In this case, Yahoo submitted its findings to NCMEC in three reports which indicated that Yahoo had viewed the "entire contents" for every image file contained in the three reports (with the exception of one image that had the same "hash-value" of one of the previously-viewed images). (Doc. # 64 at 4, 4 n.6) (citing Docs. # 31-1, 31-2, and 31-3).  NCMEC then viewed some of the images, identified the IP addresses that accessed the Yahoo account, and provided this information, including the reports, to the Kentucky State Police.  (Doc. # 42-1).

The information was forwarded to the relevant jurisdiction—Kenton County—and Task Force Officer Brian Jones who, upon receipt of the reports, "reviewed all of the images associated with each [report.]"  (Docs. # 26-1 at 3, 6 and 31-4 at 2).  Officer Jones

2

traced the IP addresses to the Defendant.  (Doc. # 26-1 at 9-11).  Defendant was arrested on state child pornography charges on December 17, 2019, and officers seized and searched his cell phone.  (Docs. # 58 at 2-3 and 58-2).  Subsequently, on July 15, 2020, federal law enforcement officers obtained a search warrant from Magistrate Judge Smith for information associated with a Gmail account—"sowarddavid1@gmail.com"—which led to the discovery of what investigators believe to be nineteen additional images depicting CSAM.  (Docs. # 63 at 3 and 64 at 7).  The search warrant application was based, in part, on information from Defendant's former girlfriend, Sara Austin, who had allegedly found child pornography on Defendant's Gmail account.  (Doc. # 58 at 4).

In his First Motion to Suppress, Defendant argues that Officer Jones' opening of the email attachments without a warrant violated his Fourth Amendment rights because it exceeded the scope of Yahoo's (a private entity) earlier search, thereby falling outside the private search doctrine as described in *Walter v. United States*, 447 U.S. 649 (1980) and *United States v. Jacobsen*, 466 U.S. 109 (1984).  (Doc. # 26 at 6-8).  He also asserts that Yahoo was acting as a state actor when it conducted the initial search of Defendant's email account because of Yahoo's nexus relationship with NCMEC and "collaborative crime fight efforts."  (*Id.* at 8-11).  Alternatively, Defendant argues that Officer Jones' opening of the email attachments constituted an unconstitutional search under the physical trespass theory applied in *United States v. Jones*, 565 U.S. 400 (2012), by asserting that the private search doctrine does not apply to Fourth Amendment claims brought under this theory.  (*Id.* at 4-5).

In his Second Motion to Suppress, Defendant seeks to exclude evidence obtained from the warrantless search of his cellphone that was seized upon his arrest as well as

evidence obtained from the search of his Gmail account.  (Doc. # 58).  With respect to the Gmail account, Defendant argues that the search warrant was not supported by probable cause because it was issued based on unreliable information from Defendant's former girlfriend.  (*Id.* at 4-10).

## II.      REPORT AND RECOMMENDATION

On April 26, 2021, Magistrate Judge Smith issued her R&R recommending that the Court deny Defendant's First Motion to Suppress and grant in part and deny in part Defendant's Second Motion to Suppress.  (Doc. # 64).  Applying the recent, binding precedent of *United States v. Miller*, 982 F.3d 412 (6th Cir. 2020),[1] the Magistrate Judge rejected Defendant's arguments with respect to Officer Jones' search of the email attachments from his Yahoo account.  The Magistrate Judge found that Officer Jones' search of the email attachments did not exceed Yahoo's earlier search of the attachments via use of its hashing technology (and visual search of all but one of the images).  (*Id.* at 15-23).  As the Magistrate Judge explained, "[u]nder the private search doctrine, the critical measures of whether a governmental search exceeds the scope of the private search that preceded it are how much information the government stands to gain when it re-examines the evidence and, relatedly, how certain it is regarding what it will find."  (*Id.* at 19) (quoting *United States v. Lichtenberger*, 786 F.3d 478, 485-86 (6th Cir. 2015)).  Like the court in *Miller*, which also involved a prior search of images using of hashing technology—in that case by Google—the Magistrate Judge found that Yahoo's virtual search using hashing technology provided "virtual certainty" that the attachments would

---

[1]      A petition for a writ certiorari seeking review of the Sixth Circuit's decision is currently pending before the Supreme Court of the United States.  *See* Petition for Writ of Certiorari, *Miller v. United States*, No. 20-1202 (Feb. 25, 2021).

reveal nothing more than what the prior search revealed—child pornography.  (*Id.* at 20-23) (citing *Miller*, 982 F.3d at 430-31).

The Magistrate Judge found unpersuasive Defendant's argument that in searching his account, Yahoo was acting as a government actor.  (*Id.* at 9-15).  Assuming NCMEC is a state actor, the Magistrate Judge found that the requisite "nexus" between Yahoo and NCMEC was lacking because Yahoo "has no mandatory scanning or 'searching' requirement, [ ] is not a 'willful participant' in NCMEC's policy of searching for and finding child pornography, and the government has not encouraged nor instigated Yahoo's scanning of its users' accounts."  (*Id.* at 10).

Further, the R&R followed the recent precedent of *Miller* to find Defendant's alternative argument based on the physical trespass theory unavailing.  (*Id.* at 23-25).  Under the trespass theory, a search occurs "where the government physically intrudes on a constitutionally protected area for the purpose of obtaining information."  (*Id.* at 7) (citing *Jones*, 565 U.S. at 407-08).  Here, Defendant relied on expert testimony that a digital file is akin to "[a] container [that] must be opened" and "read" to argue that Officer Jones committed the equivalent of a physical intrusion by opening the forwarded email attachments.  (*Id.* at 23-24) (citing Doc. # 35-1 at 1-2).  In addressing the same argument in *Miller*, the Sixth Circuit found that because application of the private search doctrine under *United States v. Jacobsen*, 466 U.S. 109 (1984), was "direct[ly] control[ling]," the court should not consider the implications of the physical trespass theory under these circumstances, leaving it up to the Supreme Court to "overrul[e] its own decisions."  (*Id.* at 24-25) (citing *Miller*, 982 F.3d at 433 (quoting *Agostini v. Felton*, 521 U.S. 203, 237 (1997)).   Thus, the Magistrate Judge similarly found Defendant's trespass theory

unpersuasive in light of the clear application of the private search doctrine.  (*Id.*).  Finding

each of Defendant's arguments meritless, the R&R recommends Denying Defendant's

First Motion to Suppress.  (*Id.* at 30).

Turning to Defendant's Second Motion to Suppress, the R&R recommends

granting Defendant's request to suppress the evidence obtained from the warrantless

search of his seized cell phone pursuant to *Riley v. California*, 573 U.S. 373 (2014).[2]  (*Id.*

at 25-26).   The R&R further recommends denying Defendant's Second Motion with

respect to the evidence obtained through the search of his Gmail account.  (*Id.* at 26-30).

More specifically, the Magistrate Judge found that under the totality of the circumstances,

the warrant application for the search of the Gmail account was supported by probable

caused based on the fact that the source of the information (Sara Austin) was identified

by name, the informant provided detailed information about what she viewed on the Gmail

account, the existence of a prior relationship between the informant and the Defendant,

and the fact that the Gmail account Ms. Austin identified matched an account that law

enforcement already knew belonged to the Defendant.  (*Id.*).  Accordingly, the Magistrate

Judge recommends granting the Second Motion to Suppress related to the cell phone

search and denying the Second Motion as to the Gmail account.  (*Id.* at 30).

III.    **ANALYSIS**

A.    **Standard of Review**

A district judge may refer a motion to suppress and other related motions to a

magistrate judge for the preparation of an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and

---

[2]    The United States conceded in its Response that the evidence obtained from the search
of Defendant's cell phone should be suppressed due to the failure of officers to first obtain a
warrant for the search.  (Doc. # 64 at 26) (citing Doc. # 63 at 4).

Federal Rule of Criminal Procedure 59(b)(1). *See, e.g.*, *United States v. Jones*, No. 6:16-cr-34, 2018 WL 2329780, at *1 (E.D. Ky. May 23, 2018) (adopting an R&R on a motion to suppress and a motion for joinder to the motion to suppress). Parties have fourteen days to object to a magistrate judge's R&R. Fed. R. Crim. P. 59(b)(2). If objections are timely filed, the district court must review *de novo* the objected-to portions of the R&R. 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (footnote omitted). Therefore, objections to the R&R must be specific—they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object." *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001). "Moreover, 'an "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.'" *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)).

## B.    Objections

Defendant first objects to the Magistrate Judge's finding that Yahoo was not acting as a state actor when it searched Defendant's account. (Doc. # 65 at 4). Yet, at the same

time, Defendant acknowledges that the Sixth Circuit addressed this issue in *Miller*, (*id.*),

and the Court agrees with the Magistrate Judge's analysis, based on *Miller*, that there is

not a sufficient nexus between Yahoo and NCMEC (assuming NCMEC is a state actor)

to support Defendant's state-actor theory.  In support of his nexus argument, Defendant

asserts that NCMEC provides hash values to Yahoo to use in its searches and that Yahoo

provides hash values in return.  (*Id.* at 7).  Defendant also argues that Yahoo's "intent in

searching its users' email accounts (and forwarding the fruits of the searches immediately

and automatically to NCMEC) cannot be said to be 'entirely independent' of NCMEC's

intent to collect evidence for prosecution."  (*Id.*).  Defendant previously raised these

arguments, which are specifically addressed in the R&R.  (*See* Doc. # 64 at 13); *see*

*Vanover*, 2017 WL 1356328, at *1 (summarizing what has been already presented is not

a proper objection).  The Court agrees with the R&R's finding that the exchange of hash

values and Yahoo's reporting of values to NCMEC does not render Yahoo a state actor

under the nexus test.  (Doc. # 64 at 13); *Miller*, 982 F.3d at 424-26 (finding lack of nexus

between Google and NCMEC based on hash-value matching searches and mandatory

reporting).

Further, "[Defendant] cites nothing suggesting that [Yahoo] intended to act as a

police agent."  *Miller*, 982 F.3d at 425.  As the Magistrate Judge noted, Yahoo's parent

company has its own policy of identifying and removing child pornography from its

platforms.  (Doc. # 64 at 3, 3 n.4, 15) (citing Doc. # 41; Verizon's Efforts to Combat Online

Child    Exploitation    FAQs,    https://www.verizon.com/about/our-company/company-

policies/verizons-efforts-combat-online-child-exploitation-faqs  (last   visited   June   4,

2021)).  This policy demonstrates that Yahoo "sought to rid its virtual spaces of criminal

activity for the same reason that shopkeepers have sought to rid their physical spaces of criminal activity: to protect their businesses." *Miller*, 982 F.3d at 425.  Thus, Defendant's objections concerning his state-actor argument are **overruled**.

Defendant next objects to the Magistrate Judge's application of the private search doctrine based on her finding that Officer Jones' search of the email attachments did not exceed the scope of Yahoo's earlier search.  (Doc. # 65 at 7-8).  Defendant again simply reiterates the arguments raised in his briefing, which the Magistrate Judge thoroughly addressed.  In short, the Court agrees with the R&R's reliance on the binding precedent of *Miller* to find that Yahoo's search of the email attachments using hashing technology made it virtually certain that Officer Jones' later opening of the attachments would reveal no further information (besides the fact that the images depicted child pornography).  (*Id.* at 20-23) (citing *Miller*, 982 F.3d at 430-31).  Further, in this case, the reports Yahoo submitted to NCMEC indicate that Yahoo "view[ed] [the] entire contents of the uploaded file[s]" that had been flagged by the hashing search (with the exception of one attachment that had the same hash-value as another of the attachments that was viewed). (Doc. # 64 at 4, 4 n.6) (citing Docs. # 31-1, 31-2, and 31-3).  That the Officer's later search did not exceed the scope of Yahoo's prior search is therefore even more straight-forward than the search at issue in *Miller* where there was not evidence that Google had actually viewed the images (in addition to Google's hash-value search).  *See Miller*, 982 F.3d at 417-18.  Thus, Defendant's objections regarding application of the private search doctrine in light of Yahoo's earlier search of the email attachments are **overruled**.

Defendant also objects to the Magistrate Judge's finding that the physical trespass doctrine does not provide a path around application of the private search doctrine.  (Doc.

9

# 65 at 9-15).  With respect to Defendant's physical trespass argument, the Sixth Circuit's holding in *Miller* is directly on point.  There, the court held that the private search doctrine of *Jacobsen* is binding, based on nearly identical facts, despite the "emerging line of authority" concerning the trespass theory.  *Miller*, 982 F.3d at 418.  As the Sixth Circuit noted, "well before *Jacobsen*, the Court also allowed the government to rely on letters illegally taken and opened by private parties."  *Id.* (citing *Burdeau v. McDowell*, 256 U.S. 465, 474-75 (1921).  In other words, "[t]he rule that the Fourth Amendment does not protect against private searches precedes the expectation-of-privacy test applied in *Jacobsen* by decades, so the Court was using the earlier 'common-law trespass' approach when it adopted this rule."  *Id.* at 433.  Like in *Miller*, here, a private entity—Yahoo—committed what would be the "trespass" under this theory, "[a]nd the government's later review of the already opened files might not be considered a search—or at least not an unreasonable one."  *Id.*  In any event, the *Miller* court concluded that because the private search doctrine, as applied in *Jacobsen*, is directly controlling, the court "should follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decision."  *Id.* (quoting *Agostini*, 521 U.S. at 237).  Thus, Defendant's request that this Court reach a different conclusion is not persuasive and his objections based on the physical trespass theory are **overruled**.

Lastly, Defendant objects to the Magistrate Judge's conclusion that the search warrant for his Gmail account was supported by probable cause.  (Doc. # 65 at 15-16).  Defendant specifically takes issue with the Magistrate's reliance on information provided by Sara Austin and asserts that the affidavit does not contain sufficient indicia of her reliability or independent corroboration to support a finding of probable cause.  (*Id.*).  In

light of the detailed and corroborated information provided by the named informant, this argument fails.

Under the Fourth Amendment, "no warrants shall issue, but upon probable cause, supported by oath or affirmation . . . ." U.S. Const. amend. IV.  An affidavit demonstrates probable cause when the facts contained therein indicate "a 'fair probability' that evidence of a crime will be located on the premises of the proposed search."  *United States v. Jenkins*, 396 F.3d 751, 761 (6th Cir. 2005) (quoting *United States v. Bowling*, 900 F.2d 926, 930 (6th Cir. 1990)).  Reviewing courts afford deference to the issuing judge's probable cause determination and must assess whether the judge had a "substantial basis" to conclude that there was probable cause for the search.  *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). The issuing judge's "discretion should only be reversed if it was arbitrarily exercised."  *Id.* (citing *United States v. Swihart*, 554 F.2d 264, 267-68 (6th Cir. 1977)).  Whether an affidavit supports a finding of probable cause is assessed based on the totality of the circumstances.  *Allen*, 211 F.3d at 972.

The sealed affidavit supporting the warrant application, which is made part of the record pursuant to this Order, confirms that Austin's name was revealed to the Magistrate Judge.  Further, the affidavit explains that Austin, a former girlfriend of Defendant Soward, told officers that she recently accessed Defendant's Gmail account for the purpose of assisting Defendant's father pay his bills.  Austin described to officers in detail how she accessed the account, including which folder she opened and that she also viewed images in the Google Photos account associated with the Gmail account.  Austin also described in detail at least one pornographic image she viewed that depicted a child

11

between the ages of eight and ten years old and stated that she viewed numerous other pornographic photographs depicting individuals that appeared "borderline" in age in the account.  In addition, the affidavit describes the ongoing investigation against Soward, including into his Yahoo account.  It states that prior to contact from Ms. Austin, Officer Jones had discovered that Defendant's Yahoo account had correspondence with the Gmail account that Austin later identified as belonging to Defendant Soward.  Finally, the affidavit provides that Officer Jones, through his investigation, had discovered that Soward had a prior conviction for possession of child pornography.

As the Magistrate Judge explained, "[s]tatements from a source named in a warrant application . . . are generally sufficient to establish probable cause without further corroboration because the legal consequences of lying to law enforcement officials tend to ensure reliability." *United States v. Hodge*, 714 F.3d 380, 384-85 (6th Cir. 2013).  Here, the informant's name was provided to the Magistrate Judge, and Austin provided detailed information about how she accessed the Gmail account and the images she has recently viewed on the account.  In addition, by admitting to having viewed the images, she was making a statement against her penal interest, which "carr[ies] [its] own indicia of credibility." *United States v. Dickens*, 748 F. App'x 31, 37-38 (6th Cir. 2018).  Moreover, the information provided by Austin was corroborated by information officers had already obtained in the ongoing investigation of Soward, including evidence of child pornography associated with Soward's Yahoo account, the existence of the Gmail account "sowarddavid1@gmail.com" that Austin identified, and Defendant's criminal history. Based on these circumstances, the Court finds that the Magistrate Judge had a substantial basis for finding probable cause for the search of Defendant's Gmail account.

*See, e.g.*, *United States v. Combs*, 369 F.3d 925, 938 (6th Cir. 2004) (finding search warrant supported by probable cause where information from informant was corroborated by information police already had).  Accordingly, Defendant's objections are **overruled**.

IV.     **CONCLUSION**

(1)     The Magistrate Judge's Report and Recommendation (Doc. # 64) is **adopted** as the Opinion of the Court;

(2)     Defendant's Objections to the R&R (Doc. # 65) are **overruled**;

(3)     Defendant's First Motion to Suppress (Doc. # 26) is **denied**;

(4)     Defendant's Second Motion to Suppress (Doc. # 58) is **granted in part** to the extent he seeks suppression of evidence obtained from the warrantless search of the cellphone seized upon his arrest and is **denied in part** to the extent he seeks suppression of evidence obtained from the search of his Gmail account;

(5)     The Clerk **shall file in the record the Application for a Search Warrant in Case No. 2:20-mj-2533 under seal**;

(6)     The time period from the filing of the first motion to suppress through today's date, totaling 413 days, is deemed **excludable time** pursuant to the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D); and

(7)     This matter is scheduled for an **in-court Status Conference on Tuesday, June 22, 2021 at 11:30 a.m. in Covington**.

This 10th day of June, 2021.



Signed By:
*David L. Bunning*
United States District Judge