UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

Eastern District of Kentucky
FILED
OCT -6 2021
AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 20-3-S-DLB

UNITED STATES OF AMERICA  PLAINTIFF

V.  BINDING PLEA AGREEMENT

DAVID THOMAS SOWARD  DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 2 of the Superseding Indictment, charging a violation of 18 U.S.C. § 2252(a)(4)(B) (Possession of Child Pornography). Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss the original Indictment and Count 1 of the Superseding Indictment. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a specific sentence. Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement, the agreed disposition will be included in the judgment.

2. The essential elements of Count 2 are:

  (a) The Defendant knowingly possessed one or more matters which contained any visual depiction of a minor engaged in sexually explicit conduct;

  (b) Such visual depiction had been mailed, shipped, or transported in interstate or foreign commerce, by any means, including by computer;

  (c) The production the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct; and

(d) The Defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct.

3. As to Count 2, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On May 22, 2019, the Defendant logged into his Yahoo! email account (sowardd@yahoo.com) at the Kenton County Library and emailed images of child pornography to himself. As a result, Yahoo submitted a CyberTipline Report to the National Center for Missing and Exploited Children (NCMEC); the report contained the user account (sowardd@yahoo.com), potential location (Crestview Hills, Kentucky), the Defendant's name and date of birth, and relevant IP addresses. The report also included approximately 108 images of child pornography. Yahoo! deactivated the email account on May 23, 2019 and NCMEC forwarded the report to law enforcement for further investigation.

(b) On July 4, 2019, a detective with the Kenton County Police Department (KCPD) executed a search warrant on Oath Holdings, Inc. (Yahoo!) for the contents of subject email account. The detective located the May 22, 2019 email that was sent at approximately 5:28 p.m. (a date and time which was consistent with the Kenton County Public Library records obtained regarding the Defendant's activity). The detective went to the Kenton County Library and spoke with the branch manager, who checked the library card activity records for the Defendant and confirmed activity on the Defendant's library card at that branch on May 22, 2019 at the approximate time as reported in the CyberTipline Report. The library also confirmed the Defendant's address on Campus Drive in Crestview Hills, Kentucky. Law enforcement determined through wage file data that the Defendant worked at the Burger King in Edgewood, Kentucky, which was the subscriber of one of the two IP addresses listed in the CyberTipline report.

(c) On December 17, 2019, agents executed a search warrant at the Defendant's residence. Prior to execution of the search warrant, a cell phone on the Defendant's person was taken into custody. A later review of the contents of that cell phone by law enforcement revealed 466 images and 7 videos of child pornography.[1]

---

[1] This evidence has been suppressed by the Court but may, nevertheless, be considered as relevant conduct at sentencing. *See United States v. Hill*, 79 F.3d 1477, 1481 (6th Cir. 1996) ("[U]nder Sixth Circuit precedent suppressed evidence may be considered relevant conduct.") (citing *United States v. Jenkins*, 4 F.3d 1338, 1344-45 (6th Cir. 1993));

  (d) On July 9, 2020, law enforcement obtained a search warrant for the Defendant's Gmail account (sowarddavid1@gmail.com). A review of the contents revealed child pornography that had been uploaded to the Defendant's account via the internet.

  (e) The Defendant admits possessing the images that were found in his Gmail account; he further admits that the images depict minors engaging in sexually explicitly conduct and that he knew that the images depicted as much.

  (f) The Defendant admits that he was previously convicted in 2004 in this Court (Covington Case No. 04-cr-41-DLB) of possession of child pornography, and was sentenced to 41 imprisonment and 3 years of supervised release.

4. The statutory punishment for Count 2 is not less than 10 years and not more than 20 years imprisonment, a $250,000 fine, and supervised release for not less than 5 years and not more than life. The Defendant has a prior felony conviction under Chapter 110 of Title 18 of the United States Code and is, therefore, subject to the above enhanced statutory punishment. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. The United States and the Defendant agree to the following sentencing guidelines calculations and specific sentence, which binds the Court upon acceptance of this plea agreement.

  (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, determines the Defendant's guidelines range.

  (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes, but is not limited to, the facts outlined in paragraph 3.

  (c) Pursuant to U.S.S.G. § 2G2.2(a)(1), the base offense level is 18.

(d) Pursuant to U.S.S.G. § 2G2.2(b)(2), increase by 2 levels because the material involved children under 12 years of age.

(e) Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), increase by 2 levels because the offense involved distribution other than distribution otherwise described.

(f) Pursuant to U.S.S.G. § 2G2.2(b)(6), increase by 2 levels because the offense involved the use of a computer.

(g) Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), increase by 5 levels because the offense involved over 600 images.

(h) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(i) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing. The Defendant agrees to pay restitution equal to the loss caused to any victim of the offense of conviction as well as any victims whose images are contained in the relevant conduct described in Paragraph 3, pursuant to 18 U.S.C. §§ 2259, 3663 and 3663A. This agreement by the Defendant is applicable only for identified victims who request restitution on or before the date of the sentencing hearing.

(j) The Defendant's total offense level is level 26.

(k) The Defendant is a criminal history category III.

(l) Based on offense level 26 and criminal history category III, the advisory Guideline range is 78 to 97 months of imprisonment. However, pursuant to U.S.S.G. § 5G1.1(b), the higher statutory minimum sentence of 120 months shall be the guidelines sentence.

(m) The Defendant's sentence of imprisonment shall be 120 months.

(n) The Defendant's term of supervised release shall be 10 years. In addition to the mandatory and special conditions of supervised release listed in U.S.S.G. § 5D1.3, the conditions of supervised release shall also include the

special conditions typically imposed by this Court in cases involving child pornography.

6. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

7. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by

one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

8. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

9. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

10. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

11. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

Date: 10/6/21

By: _____
Elaine K. Leonhard
Assistant United States Attorney

Date: 9/13/21

_____
David Thomas Soward
Defendant

Date: 9/13/21

_____
Steven N. Howe
Attorney for Defendant

**APPROVED**, this 6th day of October, 2021.

_____
UNITED STATES DISTRICT JUDGE

7